IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Jeffrey Dwayne Johnson
SSN xxx-xx-1205
Denise Elizabeth Johnson
SSN xxx-xx-2610

Debtor(s).

Case No. 04-09854

Chapter 13

## NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION

TO:   Trustee and Marco Acuna-Galvez

PLEASE TAKE NOTICE that pursuant to 11 U.S.C. § 1323 and Bankruptcy Rule 2002(a) (6), the debtor is filing the attached modified Plan and that the above-identified creditor is adversely affected thereby.

Any creditor wishing to object to the proposed modification of the Plan must file an objection with the clerk of the United States Bankruptcy Court, Post Office Box 1448, Columbia, South Carolina 29202 within twenty (20) days from the date of service below.

Pursuant to SC LBR 9014-1, any objection must be written and properly captioned in accordance with Bankruptcy Rule 9004, set forth with particularity the reasons for the objection and be served on the attorney below, the trustee, and other parties in interest and filed with the clerk of this court not later than the deadline given above. Any objecting party failing to comply with this procedure may be denied the opportunity to appear and be heard by the court and the modified Plan may be confirmed.

If the modified Plan adversely affects any party, and the adversely affected party files an objection within twenty-five (25) days after the date of service, the objection will be heard at the confirmation hearing, notice of which is given in the 11 U.S.C. § 341 notice. If the modified Plan adversely affects any party and the adversely affected party files an objection within twenty-five (25) days after the date of service and such timely objection is filed after the confirmation hearing, a hearing on the objection will be scheduled and notice of such hearing will be given.

The undersigned hereby certifies that he/she has properly served this notice and the accompanying Plan and Related Motions on the parties listed above.

/s/ Däna Wilkinson
Däna Wilkinson
District Court I.D. #4663
P.O. Box 2834
Spartanburg, SC 29304
864/577-0603

January 26, 2005

LOCAL OFFICIAL FORM 3015-1(a) TO SC LBR 3015-1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>Jeffrey Dwayne Johnson<br>Denise Elizabeth Johnson<br><br>Last four digits of Soc. Sec. #  xxx-xx-1205<br>Last four digits of Soc. Sec. #  xxx-xx-2610<br><br>                                       Debtor(s). | NOTICE, CHAPTER 13 PLAN AND RELATED MOTIONS - AMENDED<br><br>Bankruptcy No.:  04-09854 |

**NOTICE OF: 1) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN;
2) MOTION FOR VALUATION; 3) MOTION TO AVOID CERTAIN LIENS; AND
4) ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS**

The following Chapter 13 Plan and Related Motions have been filed in the above-captioned case. They will be considered at the Confirmation Hearing, notice of which is given in the Notice of Meeting of Creditors. Any objections to the confirmation of the plan, to the payment of attorney's fees, to the Motion to Value Security, to the Motion to Avoid Judicial Lien or to Avoid a Nonpurchase Money, Nonpossessory Security Interest and Lien, or to the assumption or rejection of an executory contract, all as requested herein, must be made in writing, served upon the undersigned counsel for the debtor(s), **Däna Wilkinson, #4663**, the Chapter 13 Trustee, **Helen E. Burris, PO BOX 288, Greenville, SC 29602** and filed with the Clerk of Court, United States Bankruptcy Court, P.O. Box 1448, Columbia, SC 29202, within twenty-five (25) days from the date of filing this Notice, Chapter 13 Plan and Related Motions. All objections must comply with South Carolina Local Bankruptcy Rule 9014-4 (SC LBR 9014-4).

The Notice and Chapter 13 plan shall be served on or before the date they are filed with the Court and according to Federal Rules of Bankruptcy Procedure, Rules 3015 and 2002. Related Motions shall be served on or before the date of their filing with the Court and according to Federal Rules of Bankruptcy Procedure, Rule 7004.

The Plan and Related Motions propose to value the security of the following creditors:
**Citifinancial**

The Chapter 13 Plan and Related Motions propose to avoid a judicial lien or to avoid a nonpurchase money, nonpossessory security interest and lien of the following creditors:
**First Citizens Bank
Regional Finance**

**REVIEW THE PLAN AND RELATED MOTIONS CAREFULLY
TO DETERMINE TREATMENT OF YOUR CLAIM**

If an objection is filed within twenty-five (25) days after the date of filing and such timely objection is filed before the Confirmation Hearing, the objection will be heard at the Confirmation Hearing, notice of which is given in the Notice of Meeting of Creditors. If an objection is filed within twenty-five (25) days after the date of filing and such timely objection is filed after the Confirmation Hearing, a hearing on the objection will be scheduled and notice of such hearing will be given.

If no objection is timely filed in accordance with SC LBR 9014-4, the Court, upon the recommendation of the Trustee and without further hearing or notice, may enter an order confirming the plan following the Meeting of Creditors (11 U.S.C. §341 meeting) and granting the other relief requested therein.

**NOTICE**
(TO BE COMPLETED ONLY IF FORM PLAN IS ALTERED)

The plan below contains language that is in addition to that approved for use in the Chapter 13 Plans in the United States Bankruptcy Court for the District of South Carolina, or otherwise alters the approved Form Plan. Such language is highlighted by **bold type** (state whether by bold type, italics, or underlining).

The unapproved language referred to above appears in Paragraphs __1 and 5(b)__. Parties wishing to object to the inclusion of unapproved language or any other provision of the Plan should review the Notice, Chapter 13 Plan and Related Motions for the correct procedure to be followed.

## CHAPTER 13 PLAN AND RELATED MOTIONS

1. The future earnings and income of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee the sum of $ __245.00__ per month for a period of __3__ months and $ __285.00__ per month for a period of __55__ months, or longer if necessary for completion of this plan according to its terms, but not to exceed 60 months. In addition to the above, the debtor(s) will pay any portion of a recovery under a pre-petition claim or cause of action, that constitutes disposable income or is not exempt, to the trustee.

2. After the deduction from all disbursements of the allowed trustee's commission and expenses, the trustee shall make disbursements as follows:

3. Subject to review and objection, a proof of claim for the attorney's fees of the debtor(s) in the amount of $ __900.00__ will be filed, and may be amended from time to time, and shall be paid at a rate of ____ % of the monthly payments to creditors (if no percentage rate is stated, then payment will be made at twenty-five (25%), until paid in full). This percentage may be reduced or increased by the trustee in order to ensure that there are funds available for payment to secured and support creditors as set forth below.

4. Secured creditors will be treated as follows:

    (a) Long term or mortgage debt - ARREARAGE ONLY (including, but not limited to, all past due payments and escrow amounts), to be paid to __Countrywide__ at $ __75.00__ or more per month, along with __0__ % interest. Regular payments will be made directly by the debtor(s), beginning __October 2004__.
    Long term or mortgage debt - ARREARAGE ONLY (including, but not limited to, all past due payments and escrow amounts), to be paid to __First Federal of Charleston__ at $ __38.00__ or more per month, along with __0__ % interest. Regular payments will be made directly by the debtor(s), beginning __October 2004__.

    (b) Long term or mortgage debt - ARREARAGE ONLY (including, but not limited to, all past due payments and escrow amounts), to be paid to _____ at $__ or more per month, along with __% interest. Regular payments will be made directly by the debtor(s), beginning __.

    (c) The liens of the following creditors shall be satisfied as follows:

    Payments of $ __56.00__ or more per month, to __Citifinancial (1994 Ford only)__ until the net balance/ value of the lien, plus __8__ % interest has been paid in full. If the lien is to be valued, the debtor(s) hereby move(s) to value the lien at $ __1,785.00__ in accordance with SC LBR 3015-1 and the notice attached hereto. The basis of the debtor(s')'s value is as follows: __NADA retail value__ vehicle mileage (if applicable) __200000__. Liens senior to the above-named creditor are held by the following creditors in the following amounts:
    __None__

    Secured tax debt: Payments of $_____ or more per month, to ___ on its claim secured by a tax lien until the net balance/value of lien plus ___% interest has been paid in full. If the lien is to be valued, the debtor(s) hereby move(s) to value the lien at $___ in accordance with SC LBR 3015-1 and the notice attached hereto. The basis of the debtor(s')'s value is as follows: ___. Liens senior to the above-named creditor are held by the following creditors in the following amounts: ___. Of the remaining tax claim, the following amount of $___ will be accorded priority unsecured tax status and the balance of the claim will be accorded general unsecured status and paid in accordance with paragraph 6(a) if a proof of claim is timely filed.

    If a secured creditor is included in this subparagraph, completion of all plan payments shall constitute full payment of the secured claim and shall impose an affirmative duty on such creditor to satisfy its lien as required by applicable law.

    (d) Other secured debt(s) to be treated as follows:

| | |
|---|---|
| Centrix | Paid Directly by Debtor |
| Citifinancial | Debtors surrender 1992 Southern Energy (28x56) Doublewide Mobile Home and 1.47 acres to creditor |
| Bank One | Debtors surrender 1992 Southern Energy (28x56) Doublewide Mobile Home and 1.47 acres to creditor |

(e) The following payments to mortgage creditors are current and the debtor(s) will continue making regular payments directly to:
**-NONE-**

(f) The debtor(s) hereby move(s) to avoid the following non-possessory, non-purchase-money security interest liens pursuant to 11 U.S.C.§522(f), and SC LBR 3015-1, and the notice attached hereto. If the debtor(s) intend(s) to avoid a security interest pursuant to other applicable sections of the United States Bankruptcy Code (Code), then the debtor(s) shall so state below and shall file and serve necessary pleadings on or before the date set for the initial meeting of creditors.

| Name of Creditor | Amount of Security Interest | Amount of Security Interest Not Avoided and to be Paid as Set In Paragraph 4(c) Above |
|---|---|---|
| Regional Finance | 1,229.00 | 0.00 |

(g) The debtor(s) hereby move(s) to avoid the following judicial liens pursuant to 11 U.S.C. §522(f), and SC LBR 3015-1, and the notice attached hereto. If debtor(s) intend(s) to avoid a judicial lien pursuant to other applicable sections of the Code, the debtor(s) shall so state below and shall file and serve the necessary pleadings on or before the date set for the initial meeting of creditors.

| Name of Creditor | Value of Debtor(s')s' Interest | Total Amt of Unavoidable Senior Liens | Amt of Exemption Impaired | Amt of Judicial Lien | Amount of Judicial Lien to be Avoided | Amount of Judicial Lien Not to be Avoided |
|---|---|---|---|---|---|---|
| First Citizens Bank | 140,000.00 | 164,577.10 | | 13,000.00 | 13,000.00 | 0.00 |

5. (a) All 11 U.S.C. §507(a)(7) priority creditors (pre-petition alimony, support and/or maintenance) shall be treated as follows:

To _____, the pre-petition alimony, support and/or maintenance shall be paid in full, by paying $___ or more per month until the balance is paid in full.

All post-petition alimony and post-petition child support will be paid by the debtor(s) outside the plan.

(b) Subsequent to the above, all other 11 U.S.C. § 507 priority creditors (including, but not limited to, pre-petition taxes or other claims by governmental units) will have the allowed amounts of their pre-petition claims paid on a pro-rata basis. The debtor(s) shall pay all similar post-petition priority obligations to such creditors as they come due directly to such creditors.

**The claim of Marco Acuna-Galvez shall be paid at the rate of $71.00 per month until paid in full.**

6. Subsequent to the above, unsecured creditors will be treated as follows:

(a) General unsecured creditors will be paid **2**% of their allowed claims, on a pro-rata basis. If no percentage is stated, then general unsecured claims will be paid 100% of their allowed claims, on a pro-rata basis. If the unsecured claims are entitled to full payment on their claims plus interest, then interest shall be paid at the rate of _%.

(b) The following creditors who hold unsecured consumer claims with co-debtors will be paid **100** % of their allowed claims plus **0** % interest on a pro-rata basis:
**-NONE-**

(c) The following creditors who hold unsecured claims of the kind specified in 11 U.S.C. §1328(a)(2) and (3) will be paid **0** % of their allowed claims plus **0** % interest on a pro-rata basis:
**-NONE-**

7. The debtor(s) move(s) for the assumption of the executory contracts and leases listed below. The debtor agrees to abide by all terms of the agreements and to cure any prepetition arrearage or defaults in the manner listed below.

| Creditor | Amount of regular payment | Amt. of default (state if none) | Cure Provisions | Regular pymts and cure pymts pd by debtor/by trustee |
|---|---|---|---|---|
| -NONE- | | | | |

An executory contract or lease not specifically mentioned above is treated as rejected.

8. Upon confirmation of the plan, property of the estate will remain property of the estate, but title to the property shall revest in the debtor. Unless the plan provides otherwise, secured creditors shall retain the liens until the allowed amounts of their secured claims are paid. The terms of the debtors'('s) prepetition agreement with a secured creditor shall continue to apply except as otherwise provided for in this plan or the order confirming the plan. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect post-petition obligations from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. Any claim for pre-petition child support or alimony must be collected in accordance with 11 U.S.C. §507(a)(7) and 11 U.S.C. §1322(a)(2). (See SC LBR 4001-3).

To receive payment from the trustee, a secured creditor must file a proof of claim. Secured claims which are not filed within the time required by Fed R. Bankr. P. 3002(c) may be disallowed or subordinated to other claims upon further order of the court.

Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Fed. R. Bankr. P. 3001 or Fed. R. Bankr. P. 3002.

If property is to be released or otherwise surrendered pursuant to this plan, the creditors holding a lien on, or interest in, the property to be released must provide the trustee with acceptable evidence of perfection of the lien or interest, otherwise the property may not be released or surrendered.

Any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within a reasonable time after the removal of the property from the protection of the automatic stay. Any funds that would have been paid to such a creditor will be distributed to other creditors, unless the court orders otherwise. This also applies to creditors who may claim an interest in, or lien on, property which is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the court orders otherwise.

If a tax creditor files a claim which is allegedly a secured claim but does not timely object to confirmation of this plan, then the claim may be paid as a priority claim.

If a claim is listed in the plan as secured, and the creditor files a proof of claim as an unsecured creditor, the creditor may be treated as unsecured for purposes of distribution under the plan.

The debtor(s) will not incur indebtedness or sell property outside the ordinary course of business without permission of the court.

The debtor(s) is/are responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor(s).

If a claim is scheduled as unsecured, and the creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan, then creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph is not intended to limit the right of a creditor affected by this paragraph to seek relief from the stay or to object to the discharge of the debt. Nothing in this paragraph shall be deemed to affect the lien rights of the creditor except as otherwise specifically provided under the plan or by order of the court.

Nothing herein is intended to waive or affect adversely any rights of the debtor, trustee, or party with respect to any causes of action.

9.  Pay order request or other plan provisions not inconsistent with the above:

Certificate of Service

The undersigned hereby certifies that he/she served the foregoing Notice, Plan and Related Motions on all creditors and parties in interest entitled to such notice. The parties served are individually listed on the accompanying list or mailing matrix.

Date: January 26, 2005

BY: /s/ Dāna Wilkinson
Dāna Wilkinson,
P.O. Box 2834
Spartanburg, SC 29304
864/577-0603
District Court I.D. #4663
Attorney for the Debtor

HELEN ELIZABETH BURRIS, TRUSTEE
P.O. BOX 288
GREENVILLE, SC 29602

MARCO ACUNA GALVEZ
140 WYNETTE WAY
INMAN SC 29349